UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BURCH,<br><br>          Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>          Defendants. | Case No. 24-cv-04395-PCP<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 14 |

In this lemon law lawsuit, plaintiff Burch brings a variety of state law claims against Ford Motor Company ("Ford") and unnamed *Does*. After Burch filed suit in California state court, Ford removed his lawsuit to federal court. Burch then filed a first amended complaint naming California citizen Future Ford, Inc. ("Future") as a defendant. Burch now moves to remand his lawsuit to California state court for lack of diversity. For the reasons set forth herein, Burch's motion is granted.

## BACKGROUND

In 2017, Burch bought an allegedly defective Ford vehicle. Dkt. No. 1-1 ¶ 5. After the vehicle allegedly failed to be repaired, Dkt. No. 1-2 ¶ 20, Burch filed this lawsuit in Santa Clara County Superior Court on June 12, 2024, asserting eight causes of action for violation of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.*, against Ford and unnamed *Does* 1–40, *id.* ¶¶ 9–51; two causes of action for violations of California's Business and Profession Code and a claim for conversion against Ford and unnamed *Does* 1–30, *id.* ¶¶ 52–60; and claims for negligence and failure to perform services in a good and workmanlike manner

against unnamed *Does* 41–50 (Cal. Civ. Cod § 1769.5), *id.* ¶¶ 61–70.[1] The complaint requests punitive, consequential, and incidental damages of at least $99,140.60; additional civil penalties; and attorney's fees. *Id.* at 15–16.

Ford removed the case to this court on July 19, 2024. Dkt. No. 1. Ford based its removal on the court's diversity jurisdiction. At that time, Ford was the only named defendant, and it alleged that Burch is a California citizen while Ford is a citizen of Delaware, its place of incorporation, and Michigan, its principal place of business. Dkt. No. 1-1.

Ten days after removal, on July 29, 2024, Burch filed a first amended complaint. Dkt. No. 12. The amended complaint added Future as a defendant to Burch's claims for negligence and failure to perform services in a good and workmanlike manner, which were previously asserted only against unnamed *Does* 41–50. No other changes were made to the complaint. Two days after filing the first amended complaint, Burch moved to remand under 28 U.S.C. § 1447(c).

## LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court has subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing

---

[1] The complaint describes *Does* 1–10 as "[w]arrantors" who "manufactured, distributed, or sold" the vehicle, Dkt. No. 1-1 ¶ 5; Does 11–20 as "persons who aided, abetted, and/or ratified the conduct alleged in this Complaint," *id.* ¶ 4; *Does* 21–30 as those who "are, or at one time, were holders of the contract," *id.* ¶ 6; *Does* 31–40 as "persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action," *id.* ¶¶ 35, 40; and *Does* 41–50 as "[d]ealers" "engaged in the business of providing service or repair to new or used consumer goods," *id.* ¶¶ 63, 68.

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

The two primary sources of subject matter jurisdiction are diversity jurisdiction and federal question jurisdiction. Diversity jurisdiction, which is the asserted basis for jurisdiction in this action, requires complete diversity, meaning that all persons or associations on one side of the controversy (i.e., all plaintiffs) are citizens of different states from all persons or associations on the other side (i.e., all defendants). *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). A corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business—the corporation's "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). To establish jurisdiction under 28 U.S.C. § 1332, the amount in controversy must also exceed $75,000, *see* 28 U.S.C. § 1332(a).

Rule 15(a) permitted Burch to amend his complaint without a court order or stipulation. Even when a complaint is amended as of right, however, "[28 U.S.C.] § 1447(e) gives the court discretion to consider the propriety and fairness of allowing [an] amendment" that destroys the court's jurisdiction. *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999); *San Jose Neurospine v. Cigna Health & Life Ins. Co.*, 2016 WL 7242139, at *6 (N.D. Cal. 2016).

## ANALYSIS

### I.  Sufficient evidence supported Ford Motor Company's removal.

Burch first argues that remand is appropriate because Ford has failed to provide any admissible evidence to prove the parties' citizenship or that Ford removed the action 30 or fewer days after it was served with the complaint (as was necessary for removal to be timely under 28 U.S.C. § 1446(b)(1)). These arguments fail. "[T]he Court may consider inadmissible [evidence] when evaluating a motion where it finds the content could be submitted in an admissible form at trial." *Potts v. Ford Motor Co.*, 2021 WL 2014796, at *3 (S.D. Cal. May 20, 2021) (citing *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 838 F.3d 1098, 1110 (9th Cir. 2016)); *Ha Nguyen v. BMW of N. Am., LLC*, No. 2021 WL 2411417, at *2 (S.D. Cal. June 14, 2021). Ford has adequately demonstrated that it is a citizen of Michigan and Delaware through both the declaration of Ford's attorney and its judicially noticeable profile on the United States Securities and Exchange Commission. *See Ha Nguyen*, No. 2021 WL 2411417, at *2; *Potts*, 2021 WL 2014796,

3

at *3.

Ford has also adequately demonstrated that Burch is a citizen of California. Dkt. No. 1-1 ¶ 8. To support its claim, Ford relies on (1) Burch's California address listed in the sales contract of the vehicle, and (2) the vehicle's Carfax report which indicates that Burch has brought the vehicle to service at California locations ever since its purchase. Burch evades addressing his own citizenship, instead arguing that Ford carries the burden of proving diversity of citizenship and failed to do so because Ford's evidence is inadmissible hearsay. But "[w]here the unrebutted evidence shows [p]aintiff[ ] reside[s] in California, the Court may treat it as 'prima facie evidence of domicile and citizenship.'" *Potts*, 2021 WL 2014796, at *4 (citing *Kalasho v. BMW of N. Am. LLC*, 2020 WL 5652275, at *2 (S.D. Cal. Sept. 23, 2020)). "Plaintiff cannot hide behind abstract and reactionary burden of proof arguments without producing any evidentiary support to the contrary." *Zeto v. BMW of N. Am., LLC*, 2020 WL 6708061, at *3 (S.D. Cal. Nov. 16, 2020). Accordingly, the Court finds that Burch is a citizen of California for the purpose of evaluating diversity jurisdiction.[2]

Ford has likewise adequately demonstrated that its removal was timely. Ford asserts through its attorney's declaration that it was served with Burch's complaint on June 19, 2024. Dkt. No. 1-1 ¶ 5. Burch does not dispute the service date directly, but rather again contends that Ford offers only inadmissible hearsay. Because Ford would be able to testify to its service date at trial, the Court accepts Ford's asserted service date in the absence of contrary evidence.

## II.     Burch's filing of the amended complaint destroys this Court's jurisdiction.

Burch filed an amended complaint adding Future as a defendant as a matter of right under Rule 15(a). Because Future is a California citizen like Burch, however, the Court will construe Burch's filing of the amended complaint as a motion for leave to amend and consider whether to exercise its discretion under 28 U.S.C. § 1447(e) to permit the joinder of this diversity-destroying

---

[2] Even if Burch were a citizen of another state who traveled into California to purchase his car and have it serviced, diversity would exist because there is no evidence whatsoever before the Court suggesting that Burch is a citizen of either Michigan or Delaware.

defendant. *Clinco*, 41 F. Supp. 2d at 1088; *San Jose Neurospine*, 2016 WL 7242139, at *7.[3]

"The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Courts within the Ninth Circuit weigh several factors in determining whether to permit joinder under § 1447(e), including:

- "whether the claims against the proposed defendant appear valid,"
- "whether the proposed defendant is a necessary party,"
- "whether any statute of limitations would preclude an original action against the proposed defendant in state court,"
- "whether the plaintiff has unjustifiably delayed in seeking joinder,"
- "whether denying joinder would prejudice the plaintiff," and
- "whether joinder is intended solely to defeat federal jurisdiction."

*Santa Clara Valley Water Dist. v. CH2M Hill, Inc.*, 2020 WL 4252677, at *3 (N.D. Cal. July 24, 2020); *see also*, *e.g.*, *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000); *Villarroel v. Staples, Inc.*, 697 F. Supp. 3d 901, 903–04 (N.D. Cal. 2023). "Any of the factors might prove decisive, and none is [ ] absolutely necessary." *Yang v. Swissport USA, Inc.*, 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010); *Villarroel*, 697 F. Supp. 3d at 904.

Considered together, these factors favor permitting Future's joinder and remanding this matter to California state court.

### 1.   Burch's claims against Future are facially valid.

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)." *Taylor v. Honeywell Corp.*, 2010 WL 1881459, at *3

---

[3] Even though Future must be a California citizen to destroy diversity and provide a basis for this Court to grant Burch's motion to remand, Burch again contends that Ford offers only inadmissible evidence and does not carry its burden to prove Future's citizenship. As explained above, however, the Court may consider inadmissible hearsay so long as its content could be submitted in an admissible form at trial. Under this standard, Ford adequately demonstrates that Future is a California citizen through the declaration of Ford's attorney, Dkt. No. 19-1 ¶ 25, and Future's Statement of Information filed with the California Office of the Secretary of State, which shows Future is incorporated and has its principal place of business in California. Dkt. No. 19-8. *See Ha Nguyen*, No. 2021 WL 2411417, at *2.

1   (N.D. Cal. May 10, 2010). "In considering the validity of plaintiff's claims, the [c]ourt need only
2   determine whether the claim *seems* valid which is not the same as the standard in either a motion
3   to dismiss or a motion for summary judgment." *Avellanet v. FCA US LLC*, 2019 WL 5448199, at
4   *3 (C.D. Cal. Oct. 24, 2019) (alteration in original) (emphasis added) (quoting *Sabag v. FCA US,*
5   *LLC*, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016)) (internal quotation marks omitted).
6   Courts in the Ninth Circuit have reasonably looked to the fraudulent joinder standard when
7   considering this factor, holding that "to succeed under this factor, the 'defendant must establish
8   that plaintiff could not amend his complaint to add additional allegations correcting any
9   deficiencies.'" *Dunning v. Hallmark Specialty Ins. Co.*, 2020 WL 6123133, at *5 (C.D. Cal. Aug.
10  11, 2020) (quoting *Amper v. Ashley Furniture Indus.*, 2015 WL 8783538, at *2 (C.D. Cal. Dec.
11  15, 2015)). *See also Kelly v. SMG Holdings, Inc.*, 2015 WL 13652713, at *3 (C.D. Cal. Mar. 9,
12  2015) (collecting cases and applying fraudulent joinder analysis to this factor); *McCleney v.*
13  *Wyndham Vacation Ownership, Inc.*, 2023 WL 4745741, at *6 (C.D. Cal. July 25, 2023).
14      Here, Burch seeks to assert claims against Future for (1) negligence, and (2) violation of
15  California Civil Code § 1796.5 (the duty to service or repair goods in a workmanlike manner). To
16  state a facially valid claim for negligent repair, a plaintiff need only establish the elements of a
17  standard negligence claim: duty, breach, causation, and damages. *See Malijen v. Ford Motor Co.*,
18  2020 WL 5934298, at *4 (C.D. Cal. Aug. 20, 2020); *Hayes v. FCA US LLC*, 2020 WL 2857490, at
19  *2 (C.D. Cal. June 2, 2020). Burch alleges each element to state a facially valid claim. Dkt. No. 12
20  ¶¶ 62–66. Likewise, Burch alleges that Future failed to perform its repair services on Burch's
21  vehicle in a good and workmanlike manner. Cal. Civ. Code § 1796.5. *See* Dkt No. 12 ¶¶ 67–71.
22  This is a valid cause of action under California law, and therefore constitutes a facially valid
23  claim.
24      Ford's sole argument regarding the invalidity of both claims is that the amended complaint
25  specifies that Burch sought repairs from Future "[o]n a date within two years before [the original
26  complaint] was filed," Dkt. No. 12, ¶¶ 65, 70, while Burch in truth did not seek repairs from
27  Future until July 26, 2024, well after the initial complaint was filed. Dkt. No. 19, at 17. To support
28  this claim, Ford offers (1) a July 11, 2024, Carfax report that does not list Future as a servicer,

6

Dkt. No. 19-1, and (2) the declaration of attorney Clayton which attests that she "personally reviewed Ford's AWS Online Report for the Subject Vehicle which covers all claims and presentations made to independent Ford-authorized dealerships through June 25, 2024," and that Future was not on the list. Dkt. No. 19-1 ¶ 21.

Burch does not refute this evidence, and acknowledged its truth at the October 10, 2024, hearing before this Court. Ford's argument is nonetheless unavailing. Even accepting Ford's factual allegations as true, Burch could simply amend his complaint to correct the dates relating to Future's conduct. Because such an amended complaint would state facially valid claims against Future, the first factor weighs in favor of permitting Future's joinder.

### 2. Future is a necessary party.

The second factor courts may consider under 28 U.S.C. § 1447(e) is whether the party sought to be joined is necessary for just adjudication of the issues presented in the lawsuit. Ford contends that this factor weighs against remand because Burch can procure complete relief from Ford and Future is thus not a "necessary" party under Rule 19's mandatory joinder provisions. But Rule 19's standards do not govern the courts' discretion under § 1447(e).

> Although courts consider Rule 19 in evaluating an amendment under § 1447(e), "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]" …. [T]his factor favors joinder "when failure to join will lead to separate and redundant actions." *Id.* at 1011. It weighs against joinder when the "defendants are only tangentially related to the cause of action or would not prevent complete relief."

*Dunning v. Hallmark Specialty Ins. Co.*, 2020 WL 6123133, at *2 (C.D. Cal. Aug. 11, 2020) (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000)). *See also Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 535 (N.D. Cal. 1989). The focus of the second factor is "whether the non-diverse defendants are 'only tangentially related to the cause of action'" such that denying amendment would not result in separate and redundant actions. *Taylor*, 2010 WL 1881459, at *2 (quoting *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011–12).

Here, Burch's negligent repair claims against Future and his claims against Ford concern

7

the same alleged defects on the same vehicle. *See, e.g.*, *Reyes*, 2020 WL 7224286, at *4; *Avellanet*, 2019 WL 5448199, at *2 (concluding that "failure to join Fiat would lead to separate and redundant actions, and that Fiat is necessary for the efficient and just adjudication of this action," because plaintiff's "claims for relief against [the existing defendant] and Fiat arise out of the same vehicle and the same alleged defects in that vehicle, and resolution of Plaintiff's claim against Fiat will require many of the same documents and witnesses and will implicate many of the same factual and legal issues"). Additionally, as Burch notes, Ford's answer raises the defense that the damage that Burch's vehicle sustained could have been the fault of negligent third parties like Future. Under these circumstances, Future's presence is necessary to promote the just adjudication of all claims involving Burch's vehicle and to avoid separate and redundant actions.

### 3. There is no statute of limitations issue.

Ford does not contend that any statute of limitations would preclude an original action against the Future in state court. This factor, therefore, supports permitting Burch's joinder of Future.

### 4. Burch did not unjustifiably delay in seeking Future's joinder.

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. "In particular, courts consider the length of time that passed between plaintiff filing the original complaint and the amended complaint, and whether dispositive motions have been filed." *Reyes*, 2020 WL 7224286, at *5 (collecting cases). "District courts also 'generally measure delay from the date of removal to determine whether an unreasonable delay has occurred.'" *Viveros v. Ford Motor Co.*, 2021 WL 5989365, at *5 (S.D. Cal. July 28, 2021) (quoting *Walpert v. Jaguar Land Rover N. America*, LLC, 2018 WL 6855985, at *3 (C.D. Cal. Dec. 17, 2018)).

Though neither Ford nor Burch argue this factor, Burch's amendment was not unjustifiably delayed. Burch filed his amended complaint a mere 45 days after the filing of the initial complaint and just 10 days after removal. This factor therefore favors permitting Future's joinder.

8

### 5. Denying joinder may prejudice Burch.

"Prejudice exists if the proposed defendant is 'crucial' to the case. Prejudice does not exist if complete relief can be afforded without that defendant." *Sabag*, 2016 WL 6581154, at *6 (concluding that "[b]ecause [the dealer] is a potentially responsible party, plaintiff will be prejudiced in its absence") (citing *McCarty v. Johnson & Johnson*, 2010 WL 2629913, at *9 (E.D. Cal. 2010)). Courts find this "factor weighs in favor of joinder [ ] '[i]f the Court were to deny plaintiff's motion for leave to amend, plaintiff would be required to pursue two substantially similar lawsuits in two different forums—an action against [defendant] before this Court and an action against [proposed defendants] in California state court.'" *Malijen*, 2020 WL 5934298, at *5 (quoting *Sabag*, 2016 WL 6581154, at *6).

Ford contends that Burch would not be prejudiced by repeating its argument that Future is not a necessary party under Rule 19. Dkt. No. 19 at 17.

> [But w]here claims against parties sought to be joined in an action "arise out of the same factual circumstances," it is in the economic benefit of all parties and the judicial system to "have the entire controversy adjudicated only once" and to force the plaintiffs to "proceed with expensive litigation in state court against the putative defendant would create avoidable prejudice."

*Reyes*, 2020 WL 7224286, at *10 (quoting *Avellanet*, 2019 WL 5448199, at *4; *Delafontaine v. Volvo Cars of N. Am., LLC*, 2016 WL 7338404, at *4 (C.D. Cal. Dec. 19, 2016)); *see also Lara v. Bandit Indus., Inc.*, 2013 WL 1155523, at *5 (E.D. Cal. Mar. 19, 2013), at *5 (finding "that precluding Plaintiffs from joining [nondiverse defendant] Cal–Line would prejudice Plaintiffs because they would be required either to abandon a viable claim against Cal–Line or to initiate a duplicative litigation in state court"). Because preventing Burch from joining Ford would result in duplicative litigation that would necessarily prejudice Burch, this factor also favors Future's joinder.

### 6. Though Burch's joinder may have been intended solely to defeat federal jurisdiction, this factor is not dispositive.

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire*

9

*Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). Courts "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* "[I]n evaluating motive, courts have considered whether the plaintiff was 'aware of the removal' at the time the plaintiff amended its complaint." *San Jose Neurospine*, 2016 WL 7242139, at *10 (*Clinco*, 41 F. Supp. 2d at 1083).

But "suspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as section 1447(e) gives courts flexibility in determining how to handle addition of diversity-destroying defendants." *Dordoni v. FCA US LLC*, 2020 WL 6082132, at *4 (C.D. Cal. Oct. 15, 2020) (citing *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (noting that "[t]he legislative history to § 1447(e) … suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion")).

> "[T]he question of whether joinder is solely intended to defeat jurisdiction is 'intertwined' with the question of whether the claims against the new defendant appear valid." *Sabag*, 2016 WL 6581154, at *5–6 (finding that the plaintiff's motive in joining dealership defendant was "not solely to destroy diversity" because plaintiff's claim against the dealership was "facially legitimate"). … Courts have permitted joinder even where the plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant.

*Reyes*, 2020 WL 7224286, at *6 (collecting cases).

Though Burch must have been aware of removal when he filed his amended complaint ten days after removal, Burch states a viable claim against Future. Additionally, both Ford and Burch agree that some if not all of the unnamed *Doe* defendants are indisputably California citizens—including the dealership from which Burch purchased the car. Although the Court does not consider *Doe* defendant citizenship for the purpose of determining complete diversity, see *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citing 28 U.S.C. §§ 1441(a), 1447(e)), Ford cannot argue that Burch's joinder of Future was intended solely to defeat diversity

jurisdiction while also conceding that other proper defendant parties are California citizens. Therefore, this factor is at best neutral.

## CONCLUSION

Because almost all of the § 1447(e) factors weigh in favor of permitting Future's joinder, the Court concludes that Burch's joinder of Future as a defendant was proper. Because the presence of this non-diverse defendant precludes the Court from exercising diversity jurisdiction over this matter, the Court remands this action to the Superior Court for the County of Santa Clara. The Clerk is ordered to close the file.

**IT IS SO ORDERED.**

Dated: December 2, 2024

P. Casey Pitts
United States District Judge